UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JOSE SALUD CASTRO, SR.,<br><br>　　　　　　　Defendant. | Case No.: 2:19-cr-00295-GMN-NJK<br><br>**ORDER**<br><br>[Docket Nos. 358, 363] |

Pending before the Court is Defendant Jose Salud Castro's motion for a competency evaluation. Docket No. 358. The Court has considered Defendant's motion and the United States' response. Docket Nos. 358, 363, 364.[1] No reply was filed. *See* Docket. For the reasons discussed below, the Court hereby **DENIES** Defendant's motion.

Defendant is charged in a criminal indictment with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, and twelve counts of mail fraud, in violation of 18 U.S.C. § 1341. *See* Docket No. 1. He made his initial appearance on this indictment on November 14, 2019. Docket No. 39. The Court ordered Defendant released on a personal recognizance bond with conditions. *Id. See also* Docket No. 42. On February 17, 2022, Defendant filed a motion for a competency evaluation. Docket No. 258. The Court denied his request on March 9, 2022. Docket No. 293.

---

[1] There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Defendant has made no showing as to why the instant motion for competency evaluation should be sealed. *See* Docket No. 358. Accordingly, the Court **ORDERS** Defendant's motion **UNSEALED**. Docket No. 358. Defendant's medical records, Docket No. 358-1 will remain **SEALED**. Moreover, the Court **DENIES** the United States' request to seal its response to the motion for competency evaluation. Docket No. 363.

1

On May 27, 2022, Defendant filed the instant motion asking the Court to order him to undergo a competency evaluation. Docket No. 358. Defendant submits that, since May 2020, his doctors have indicated that he has Parkinson's disease, dementia, and other amnesia. *Id.* at 2. Defendant further submits that, because of these conditions, he experiences memory loss, difficulty eating, and radiating pain in his lower back and leg. *Id.* He asks the Court to order a competency evaluation pursuant to 18 U.S.C. § 4241(a) and asks that, should the Court order a competency evaluation, it be conducted at an outpatient facility in Southern Nevada. *Id.* In support of his request, Defendant submits medical records in the form of treatment notes from his neurology medical appointments since May 2020. Docket No. 358-1.

In response, the United States submits that Defendant fails to demonstrate that a serious question exists as to his competency and asks the Court to deny his request for a competency evaluation. Docket No. 364.[2] The United States submits that Defendant's exhibit only establishes mild memory problems and does not support a finding that his conditions render him unable to understand the nature of the proceedings against him or unable to assist in his defense. *Id.* at 5-7. The United States further submits that the records Defendant provided alongside his motion indicate only periodic problems with competency and that his diagnoses of Parkinson's and Dementia were, as of his most recent neurological exam, only diagnosed as memory loss. *Id.* at 7. The United States asks the Court to deny Defendant's request. *Id.* at 8.

"Pursuant to 18 U.S.C. § 4241, a district court must grant a defendant's motion to hold a competency hearing if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *United States v. Telles*, 18 F.4th 290, 299 (9th Cir. 2021) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)). Reasonable cause exists when "there is

---

[2] The United States raises concerns in its response as to the timing of Defendant's motion for a competency evaluation with trial approaching. *See, e.g.*, Docket No. 364 at 8. 18 U.S.C. § 4241(a) allows Defendant to seek a competency hearing at "any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant."

substantial evidence in the record indicating that the defendant's mental disease or defect renders him unable to perform either of these functions." *United States v. Brugnara*, 856 F.3d 1198, 1215 (9th Cir. 2017) (citing *United States v. Dreyer*, 705 F.3d 951, 960-61 (9th Cir. 2013)). *See also Telles*, 18 F.4th at 299.  "Relevant evidence [of competence] falls into three broad categories: medical history, the defendant's behavior in and out of court, and defense counsel's statements about the defendant's competency." *Id.* (citing *United States v. Garza*, 751 F.3d 1130, 1134 (9th Cir. 2014)).  The bar to satisfy the genuine doubt standard is "plainly high." *Garza*, 751 F.3d at 1135.  This requires a showing of both "strong evidence of a serious mental disease or defect," and "a clear connection between that disease or defect and some failure by the defendant to understand the proceedings or assist in his own defense." *Telles*, 18 F.4th at 300 (citing *Garza*, 751 F.3d at 1135-36).

      The Court finds that Defendant has failed to demonstrate reasonable cause to believe that he is presently suffering from a mental disease or defect that renders him mentally incompetent to assist properly in his defense to warrant a competency hearing under 18 U.S.C. § 4241. Defendant's submission to the Court consists of treatment notes from fifteen neurology appointments from May 2020 to the present.  Docket No. 358-1.  These notes indicate that Defendant was observed having symptoms indicating a Parkinson's disease diagnosis beginning in May 2020. *Id.* at 3-4.  The treatment notes indicate initial worsening of his tremor and indicate that he had some problems with memory loss beginning in September 2020, followed by his symptoms improving after he began a new regime of medications to help alleviate them. *Id.* at 5-17.  As of March 3, 2022, the notes indicate that Defendant's symptoms had not changed and were being managed with his medication regimen of Mirapex and Sinemet. *Id.* at 17.  The most recent medical visit occurred on April 26, 2022, and indicated that a new medication, Cogentin, had worsened his memory loss. *Id.* at 20.  The same treatment notes show that, on the day of the visit, Defendant had no abnormal signs in his neurological system, had normal mood and affect, and had normal memory. *Id.* at 21.  These notes constitute the only evidence Defendant provides to the

3

Court about his competency. Defendant fails to provide any evidence regarding observations about Defendant's behavior in and out of Court or representations from his counsel.

While these records indicate that Defendant experiences some memory-related issues, the Court is not convinced that this evidence alone is enough to overcome the "plainly high bar" required to demonstrate a genuine doubt as to Defendant's competency. *Garza*, 751 F.3d at 1135. All indications from the treatment notes are that his memory loss is mild or periodic at this time. Moreover, no representations have been made to the Court that any of these memory issues are actually affect Defendant's ability to understand the proceedings against him or participate in his defense. Rather, Defendant submits only that these records constitute evidence of possible mental issues. Docket No. 358 at 1. Without "a clear connection" between any mental disease or defect and a defendant's ability to understand the proceedings against him or assist in his defense, no competency evaluation is warranted. *See Telles*, 18 F.4th at 300 (citing *Garza*, 751 F.3d at 1135).

Accordingly, Defendant's motion for a competency evaluation, Docket No. 358, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: June 13, 2022.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE