# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>vs.<br><br>JOSE SALUD CASTRO,<br><br>              Defendant. | Case No. 2:19-cr-00295-GMN-NJK<br><br>ORDER |

Defendant Jose Salud Castro is charged in a criminal indictment with mail fraud and conspiracy to commit mail fraud. Docket No. 1. His attorney has filed a motion for psychiatric evaluation, both parties have filed expert evaluations, and the Court held several hearings on the motion. Docket Nos. 390, 391-1, 421, 424, 462.[1] Timothy Finley appeared on behalf of the United States and Chris Rasmussen and Jess Marchese appeared on behalf of Defendant.

Based on the content of the motion, the expert evaluations provided to the Court, and the representations that were made by counsel, the Court finds by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court therefore commits Defendant to the custody of the Attorney General, pursuant to 18 U.S.C. § 4241(d).

---

[1]     The United States has been ordered to file its expert report under seal on the docket; however, as of the issuance of this order, the report has not yet been filed. As a result, the docket number for the United States' expert's report is not listed in this order.

IT IS ORDERED that:

1. Defendant Jose Salud Castro must self-surrender to the United States Marshal Service no later than 12:00 p.m. on September 29, 2022.

1. In accordance with 18 U.S.C. § 4241(d)(1), the United States Marshal Service shall forthwith transport Defendant Jose Salud Castro to hospitalize him in a suitable Bureau of Prisons ("BOP") facility to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.

2. Defendant shall be held in a BOP facility for a reasonable period of time, not to exceed four months. Defendant may be hospitalized for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the Court finds that a substantial probability exists that, within such additional period of time, Defendant will attain the capacity to permit the proceedings to go forward; or the pending charges against Defendant are disposed of according to law – whichever is earlier. 18 U.S.C. §§ 4241(d)(1) and (d)(2).

3. When the director of the facility in which Defendant is hospitalized determines that he has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense, the director shall promptly file a certificate to that effect with the Court Clerk. The Clerk shall send a copy of the certificate to Timothy Finley, Assistant United States Attorney, and to Chris Rasmussen and Jess Marchese, counsel for Defendant. 18 U.S.C. § 4241(e).

The Court finds that the period of time required by the above-described hospitalization and the Court's determination of Defendant's competency to stand trial is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure.

Additionally, the Court sets a status hearing on this matter for February 7, 2023, at 10:00 a.m., in Courtroom 3C.

IT IS SO ORDERED.

DATED: September 14, 2022.

                                                    NANCY J. KOPPE
                                                    UNITED STATES MAGISTRATE JUDGE