# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,   Plaintiff,   v.   JOSE SALUD CASTRO,   Defendant. | Case No.: 2:19-cr-00295-GMN-NJK   **Order**   (Docket No. 565) |

Defendant Jose Salud Castro is charged in a criminal indictment with conspiracy to commit mail fraud and mail fraud. Docket No. 1. On September 14, 2022, after experts for both parties submitted that Defendant is not competent to stand trial, the Court found him not competent. Docket No. 462. Therefore, pursuant to the relevant statute, the Court committed Defendant to the custody of the Attorney General and ordered him to self-surrender on September 29, 2022. Docket No. 463 at 1-2. The Court further ordered Defendant hospitalized in a suitable Bureau of Prisons ("BOP") facility for a reasonable period of time, not to exceed four months, to "determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." *Id*. at 2.

On October 5, 2022, six days after his self-surrender date, Defendant filed an emergency motion, asking the Court to release him to his family until the United States finds alternative placement. Docket No. 565. Defendant submits that he will not be transported to a hospital facility for 6-8 months and that he has other medical ailments. *Id*. at 1-2. The only authority on which Defendant relies in support of his request is the concurring opinion in *United States v. Donnelly*, 41 F.4th 1102 (9th Cir. 2022). *Id*. at 2

In response, the United States submits that it has received information from the BOP that the average national wait time for transportation for hospitalization does not apply to defendants in the Ninth Circuit. Docket No. 567 at 2. Here, the United States submits, the BOP intends to

transport Defendant to the United States Medical Center for Federal Prisoners no later than January 14, 2023, which is less than four months after he self-surrendered.  *Id*.  This wait time, the United States submits, complies with the requirements of *Donnelly*.  *Id*. at 3.  Further, the United States submits, the remedy for a delay that does not comply with *Donnelly* is a mandate for quick hospitalization, not release.  *Id*.  The United States submits that Defendant's motion, filed days after his surrender, is premature.  *Id*. at 4.  Finally, the United States submits that Defendant's claims about his health and the care he is receiving are not supported by the evidence.  *Id*.

In reply, Defendant submits that he relied on the estimate given to him by the United States Marshal regarding how long it would take to transport him to a hospital facility.  Docket No. 568 at 1-2.  Defendant further submits that, though he mistakenly cited the concurrence in *Donnelly*, the holding requires transport within a reasonable period of time.  *Id*. at 2.  Finally, Defendant asks the Court to release him to his family, due to his health, until a proper facility is located.  *Id*.

Title 18, United States Code, Section 4241(d) provides that, once a Court finds that a defendant is not competent to proceed to trial, the Court *shall* commit that defendant to the custody of the Attorney General so that the defendant can be hospitalized for treatment in a suitable facility to either restore his competency or determine that competency cannot be restored.  The Ninth Circuit has found that the statute "mandates that district courts commit mentally incompetent defendants to the custody of the Attorney General for treatment, without discretion for the court to order a particular treatment setting.  *United States v. Quintero*, 995 F. 3d 1044, 1050 (9th Cir. 2021).  Therefore, under the statute, this Court is required to order Defendant to remain in the custody of the Attorney General pending potential restoration of competency and may not grant Defendant his requested relief.

Additionally, *Donnelly* held that the four months in the statute applies to the hospitalization period, not the entire period Defendant is in custody.  *Donnelly*, 41 F.4th at 1107-1108.  Here, Defendant filed his motion six days after his self-surrender and the United States submits that he will be transported to a hospital facility in January.  Therefore, Defendant's motion is premature.  See *United States v. Bravo-Cuevas*, 2022 WL 3042916, at *2 (D. Ariz. Aug. 2, 2022) (motion filed before four months of pre-hospitalization transportation delay denied as premature).

      Accordingly, for the reasons set forth above, Defendant's motion for release is **DENIED**. Docket No. 565. The hearing set for October 17, 2022, is **VACATED**.

      IT IS SO ORDERED.

      DATED: October 13, 2022.

                                        NANCY J. KOPPE
                                        UNITED STATES MAGISTRATE JUDGE