# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>JOSE SALUD CASTRO,<br><br>                    Defendant. | Case No.: 2:19-cr-00295-GMN-NJK<br><br>**Order**<br>(Docket No. 882) |

        Defendant Jose Salud Castro is charged in a criminal indictment with mail fraud and conspiracy to commit mail fraud. Docket No. 1. On August 31, 2022, the Court held a hearing on Defendant's motion for competency evaluation. Docket No. 421. *See also* Docket No. 390. Based on the representations made by both parties, the Court granted Defendant's motion. Docket No. 421. On September 14, 2022, after an evaluation of Defendant was completed, the Court found by a preponderance of the evidence that Defendant was "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense." Docket No. 463 at 1. The Court therefore committed Defendant to the custody of the Attorney General to be hospitalized in a suitable facility to determine whether his competency could be restored. Docket Nos. 462, 463.

        On May 15, 2023, the United States represented to the Court that the forensic evaluation report would be finished shortly and defense counsel represented that they were in the process of retaining a forensic neuropsychologist of their own. Docket No. 777. The parties agreed that, since the evaluation was completed, no reason existed for Defendant to remain in custody. *Id*. As a result, the Court released Defendant on a personal release bond with numerous conditions, including the condition that he was in the third-party custody of Gardenia Castro, his daughter. *Id*. Prior to releasing Defendant on these conditions, the Court placed Ms. Castro under oath and

informed her of all of the obligations of a third-party custodian, as well as some consequences that could result if she failed to fulfill these obligations and Ms. Castro agreed to comply with the obligations. *Id*. *See also* Docket No. 778. The Court further set a competency hearing for Defendant for August 22, 2023. Docket No. 777. This hearing was later continued, at the request of the parties, to November 1, 2023. Docket No. 816.

Since that date, some of Defendant's co-defendants proceeded to trial and were found guilty. On September 15, 2023, the Court sentenced Defendant's brothers and son-in-law to lengthy prison sentences. Docket No. 888 at 3. These three defendants now appear to have fled the jurisdiction. *Id*. Further, on September 26, 2023, Defendant's daughter and third-party custodian informed United States Pretrial Services that Defendant had been missing since September 20, 2023. *Id*. A warrant has been issued for Defendant's arrest and his whereabouts remain unknown. *Id*. at 3-4.

Defendant's attorneys now ask the Court to vacate his competency hearing because he is missing. Docket No. 882. Defendant's attorneys cite to 18 U.S.C. §4247(d), which states, in relevant part, that the person whose mental condition is the subject of the hearing "… shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." *See* Docket No. 882 at 3. Defendant's attorneys state that, therefore, the hearing should not occur without Defendant present. *Id*.[1]

In response, the United States submits that Defendant made the decision to flee with his family members "rather than face the prospect of spending years in prison." Docket No. 888 at 4. Further, the United States submits that Defendant's expert can testify at the hearing whether Defendant is present or not and, if she thinks other tests should have been run, she can testify to those tests and the reasoning behind her opinion. *Id*. The United States submits that Defendant

---

[1] Defendant's attorneys make other arguments without citation and without developing them. The failure of a moving party to include points and authorities "constitutes a consent to denying the motion." The Court, therefore, will not consider the other arguments.

has waived his right to be present at the hearing by fleeing and that, if he later reappears with an innocent explanation for his absence, a further hearing can be held. *Id*. at 5.

The Court does not require a reply.

In compliance with the relevant statutes, this Court set a hearing to determine whether Defendant is competent to stand trial. The Court allowed the parties a lengthy period of time to obtain experts so that both parties would have a full opportunity to present evidence. Defendant was well aware of these activities, as he was ordered to be present in court at every hearing. Defendant has now voluntarily chosen to violate his pretrial release conditions and is currently considered an absconder.

The competency hearing is currently set for November 1, 2023. Defendant is represented by two attorneys that the Court has appointed for him. Further, the Court is, by holding the hearing, affording Defendant the "opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing." 18 U.S.C. § 4247(d). If Defendant chooses to remain an absconder and not appear at the hearing, his choice does not change the fact that he has been afforded all opportunities that the statute requires.

Accordingly, for the reasons stated above, the motion to vacate the competency hearing, Docket No. 882, is **DENIED**. The competency hearing will proceed as scheduled on November 1, 2023, at 10:00 a.m. All parties must have witnesses present and be prepared to proceed.

IT IS SO ORDERED.

DATED: October 20, 2023.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE